J-S11028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOWARD OMAR POWELL | |
| Appellant | No. 1374 MDA 2014 |

Appeal from the PCRA Order July 14, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001079-2000

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 10, 2015**

Howard Omar Powell appeals from the order entered in the Court of Common Pleas of Schuylkill County, on July 14, 2014, denying him relief on his seventh petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  The PCRA court determined, without a hearing, that the petition was untimely and no timeliness exception applied.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Powell was convicted by a jury of attempted first-degree murder; aggravated assault, infliction of serious bodily injury by use of a deadly weapon (firearm); robbery, infliction of serious bodily injury; conspiracy to

commit robbery; and related charges.[1]  These charges arose from the robbery and shooting of a gas station attendant, Nirmal Singh, in the late night hours of March 7, 2000.  Although Powell was subject to a five-year mandatory minimum sentence for the above-mentioned charges, he received an aggregate sentence of 27 to 54 years' incarceration.[2]  Powell filed a direct appeal and six prior PCRA petitions, none of which afforded him any relief.  The instant petition is his seventh.  He has raised three issues in his petition, claiming his sentence is illegal because he was not charged with possession of a handgun in the bill of information, was not charged with attempted murder under 18 Pa.C.S. § 1102(c), and the mandatory minimum aspect of his sentence is void pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

As noted above, the PCRA court determined his petition was patently untimely and he was not entitled to any of statutory timeliness exceptions. Powell has raised six issues in this appeal, but we need to substantively address only the timeliness issue.

---

[1] 18 Pa.C.S. §§ 901/2502, 2702, 3701 and 903/3701, respectively.

[2] This is comprised of 20-40 years for attempted murder followed by 7 to 14 years for robbery and a concurrent 7-14 year sentence for conspiracy.  All sentences were well above the mandatory minimum sentence and were standard range sentences.

> In reviewing the denial of PCRA relief, we examine whether "the PCRA court's determinations are supported by the record and are free of legal error." ***Commonwealth v. Robinson***, 82 A.3d 998, 1005 (Pa. 2013) (quotation and quotation marks omitted). ***See Commonwealth v. Strong***, 761 A.2d 1167, 1170 n. 3 (Pa. 2000) ("Since most PCRA appeals involve ... issues raising mixed questions of fact and law, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error.") (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013) (citation omitted).

***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014).

Instantly, the salient question is whether this petition is timely.

> [T]he time limitations pursuant to ... the PCRA are jurisdictional. [Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

***Commonwealth v. Reed***, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted).

Initially, "[a] PCRA petition is timely if it is 'filed within one year of the date the judgment [of sentence] becomes final.' 42 Pa.C.S.A. § 9545(b)(1)."

***Commonwealth v. Callahan***, 101 A.3d 118, 121-22 (Pa. Super. 2014).

There is no dispute that this petition, filed April 10, 2014, has been filed well past the one-year initial time limit.[3]

> "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.
>
> **§ 9545. Jurisdiction and proceedings**
>
> ...
>
> (b) Time for filing petition.—
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[3] Powell's judgment of sentence became final on July 3, 2002, when his sentence was affirmed on direct appeal and the 30-day limit to file a petition for allowance of appeal to the Pennsylvania Supreme Court expired. Accordingly, the one-year limit to file a timely PCRA petition expired on July 2, 2003.

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

...

42 Pa.C.S.A. § 9545(b)

***Commonwealth v. Miller***, 102 A.3d 988, 993 (Pa. Super. 2014).

Here, Powell argues a hybrid of exceptions (b)(1)(i) and (ii). Specifically, he argues that ***United States v. Alleyne***, ***supra***, represents newly discovered evidence and the government interfered with his ability to discover that case by failing to make timely updates to the prison library. This claim is unavailing for a number of reasons.

First, as the PCRA court correctly noted, a judicial opinion does not qualify as a previously unknown fact. ***See generally***, ***Commonwealth v. Watts***, 23 A.3d 980 (Pa. 2011). Therefore, Powell has invoked the incorrect exception. The proper exception is found at Section 9545(b)(1)(iii), a newly asserted constitutional right.

Accepting Powell has properly invoked one of the three timeliness exceptions, we must also determine if he filed his petition within 60 days of the date the claim could have been presented. The ***Alleyne*** decision was issued on June 17, 2013. Accordingly, 60 days from that date was August

16, 2013. Powell's PCRA petition was dated April 8, 2014, approximately eight months past the 60-day deadline.

However, Powell claims the government interfered with his ability to find *Alleyne* in that prison officials did not update the prison law library in a timely manner. To support this assertion, Powell has included a statement from a person purporting to be a prison library official, Mrs. Price, librarian assistant, stating as of March 16, 2014, the library had been last updated on February 24, 2014. This allegation does not support a claim of governmental interference. The prison library is under no obligation to timely update its materials. *See Commonwealth v. Baldwin*, 798 A.2d 728, 731 (Pa. Super. 2001) (Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in the law; untimely updating of library materials is not cognizable.)

Even if Powell's claim had been timely, he would not be entitled to relief. The rule in *Alleyne* was entitled to retroactive application only to the extent it applied to pending cases. "The new rule [*Alleyne*] is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*). Powell's direct appeal had been resolved years prior to the *Alleyne* decision. He is not entitled to retroactive application of the *Alleyne* rule.

Powell's only argument regarding the application of a timeliness exception addressed the *Alleyne* argument. Accordingly, to the extent his other claims raise different issues, neither the PCRA court nor our Court has the jurisdiction to address the merits of those claims. Additionally, Powell has complained the PCRA court did not grant him a hearing on his petition. However, there is no right to a PCRA hearing; if the PCRA court determines the claims are patently frivolous, it may deny a hearing on the petition. *See Miller*, 102 A.3d at 993. The PCRA court did not abuse its discretion or commit an error of law by denying Powell a hearing on a patently untimely, and therefore, frivolous, petition. Finally, Powell has claimed the PCRA court erred in failing to appoint counsel so that the petition could be advanced in acceptable legal terms. There is no constitutional right to counsel for PCRA representation. Rather, by rule, a petitioner is entitled to appointed counsel for his first PCRA petition. Pa.R.Crim.P. 904(C).[4] *See also Commonwealth v. Turner*, 80 A.3d 754, 766 (Pa. 2013). This is Powell's

_____

[4] Under Pa.R.Crim.P. 904(D), an indigent petitioner is entitled to appointment of counsel for a second or subsequent PCRA petition when an evidentiary hearing is necessary. While Powell is indigent, no hearing on the petition was necessary. Therefore, this subsection is not applicable to Powell. Rule 904(E) allows for the appointment of counsel in the interest of justice. Powell's petition is frivolous, and despite Powell's claim of being a foreigner, illiterate in the lack of education, and suffering from a mental illness, his petition and brief are both understandable. Accordingly the interest of justice did not require the appointment of counsel.

seventh petition.  He was not entitled to appointed counsel and the PCRA court did not err in refusing Powell's request.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2015